UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY HAYNES, | ) | |
| | ) | No. 12 C 2980 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Jeffery Haynes' motion(s) titled "Plaintiff's Motion to Amend Complaint and For Reconsideration." R. 61. For the following reasons, the Court grants Haynes' request to reopen the case under either Federal Rule of Civil Procedure 59(e) or 60(b), in addition to his request to file an amended complaint pursuant to Rule 15.

**I.**

The Court previously laid out a detailed factual background of Haynes' complaint, R. 59, so a reiteration of the full allegations is unnecessary here. In short, beginning in February 2007, Haynes attempted to develop a shopping center and grocery store in former 28th Ward Alderman Ed Smith's ("Alderman Smith") ward on the west side of Chicago (the "City"). Haynes wanted the City to use eminent domain to acquire certain privately-owned parcels and then sell those parcels, and others already City-owned, to Haynes. Once Haynes owned the property, he wanted to use that land as the location for a shopping mall and, later, a

1

grocery store. Haynes alleges that Alderman Smith supported his plans for two years, but at some point, Alderman Smith ceased supporting Haynes and instead backed a competing plan that did not involve Haynes. Haynes alleges that Alderman Smith withdrew his support for him because he refused Alderman Smith's requests for a $5,000.00 "contribution."

On April 23, 2012, Haynes, *pro se*, filed a complaint against the City, Alderman Smith, and Mort Levy (collectively, the "Defendants"). The complaint alleged claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, the Due Process Clause of the Fourteenth Amendment, and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); as well as claims under Illinois law. The City and Alderman Smith moved to dismiss Haynes' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which Levy later joined. On August 12, 2013, the Court granted the Defendants' motion with prejudice as to the federal claims and declined to exercise supplemental jurisdiction over the state law claims, resulting in their dismissal as well. R. 59. Final judgment was entered in favor of the Defendants. R. 60.

At that point, Haynes had a choice: he could either "appeal the dismissal or seek to have the case reopened so that [he could] pursue amendment of the complaint." *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). On September 9, 2013, Haynes filed a motion titled "Plaintiff's Motion to Amend Complaint and For Reconsideration." R. 61. Because the Court dismissed the case with prejudice pursuant to Rule 12(b)(6), the Court construes Haynes' motion as a timely-filed

2

motion under either Rule 59(e) or Rule 60(b). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding[.]"). A review of the motion, however, reveals additional factual allegations that Haynes believes should cure the deficiencies in his original complaint that the Court identified in its August 12, 2013 order. Thus, affording Haynes' *pro se* motion the "liberal construction" as required, *see Alam v. Miller Brewing Co.*, 709 F.3d 662, 669 (7th Cir. 2013), the Court will also treat the motion as a motion for leave to amend Haynes' complaint. *See Camp*, 67 F.3d at 1289 (explaining that a district court did not abuse its discretion in permitting a plaintiff to file an amended complaint after an initial dismissal with prejudice pursuant to Rule 12(b)(6) because "the amendment aided the district court's evaluation of the claim").

## II.

"Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case, *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994), and 'the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment.'" *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (quoting *Camp*, 67 F.3d at 1290). The Court acknowledges, however, that Haynes was not given an opportunity to amend his complaint given the lack of "plausible federal claim[s] that would entitle him to relief." R. 59. This was contrary to the general rule of thumb that plaintiffs should

3

generally be given at least one opportunity to amend unless there is "undue delay or other fault" by the plaintiff. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Neither situation is present in this case.

Accordingly, in conjunction with the Seventh Circuit's guidance in *Bausch*, post-judgment relief is warranted here under either Rule 59(e) or 60(b), and the Court in turn grants Haynes' motion for leave to amend, so that it may consider Haynes' new factual allegations, which may or may not cure the deficiencies identified in the Court's August 12, 2013 order.[1] *See id.* at 561-62; *see also Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997) ("If a plaintiff wishes to amend the complaint pursuant to Rule 15(a) following the entry of judgment, he or she may do so 'only with leave of the court after a motion under Rule 59(e) or 60(b) . . . has been made and the judgment has been set aside or vacated.'" (quoting *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992))); *Camp*, 67 F.3d at 1289-90 (stating that "once final judgment has been entered, the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment"). The Court finds this to be the proper course given that: (1) Haynes was not provided a prior opportunity to amend his complaint; (2) the Court's decision on the motion to dismiss was based on factual inadequacies in the complaint, as opposed to a prohibition of the claims on a legal basis; and (3) the

---

[1] For example, Haynes' motion contains new factual allegations regarding improper conduct on the part of Alderman Smith that would go towards element one of his RICO claim, a pattern of racketeering—a deficiency identified in the Court's prior order. *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 398-99 (7th Cir. 2009) (citing *Vicom, Inc., v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 n.6 (7th Cir. 1994)).

4

Court has not identified any real prejudice to the Defendants with this decision given the frequency of courts providing plaintiffs at least one opportunity to cure deficiencies in a complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."); *see also* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

## CONCLUSION

The Court grants Haynes' motion to vacate the judgment entered on August 12, 2013, as well as the included motion for leave to amend his complaint. R. 61. Haynes has 21 days to file an amended complaint in order to cure the deficiencies in his original complaint. *See* R. 59. Failure to do so will again result in the dismissal of the suit with prejudice. A status hearing is set for Wednesday, February 19, 2014 at 9:00 a.m.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 24, 2014

5