UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Haynes, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 2980 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| City of Chicago, Ed H. Smith, and Mort Levy, | ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Haynes ("Haynes"), acting *pro se,* brings this action by way of an amended complaint against the City of Chicago ("The City"), former 28th Ward Alderman Ed Smith ("Smith"), and Mort Levy ("Levy). R. 69. The Court previously dismissed Haynes's complaint for failure to state a claim, but granted him leave to file an amended complaint. R. 59; R. 65. Haynes's amended complaint alleges the same causes of actions contained in his original complaint. Counts I and II allege violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961, *et seq.* Count III alleges violations of Haynes's Due Process Rights under the 14th Amendment. Counts IV, V, and VI allege various state law causes of action. And Count VII puts forth a *Monell* claim against the City. *See Monell v. Dept. of Soc. Serv.,* 436 U.S. 658 (1978). R. 69. The City and Smith have filed a motion to dismiss the amended complaint contending that it does not contain new factual allegations that cure the legal deficiencies in Haynes's original complaint and, thus, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

R. 74. For the following reasons, the Defendant City and Smith's motion to dismiss is granted.

## BACKGROUND

The Court previously provided a detailed recitation of the pertinent facts in its Opinion and Order dated August 12, 2013, and thus presumes familiarity with the background for purposes of this ruling. R. 59. The only additional relevant factual allegations are that Haynes was asked to, and did, give Smith a $1,000 campaign contribution on February 22, 2007 to secure Smith's support of Haynes's development of the shopping center and grocery store, R. 69 ¶ 73, that Smith solicited a $5,000 campaign contribution on September 19, 2008, *Id.* ¶¶ 34-35, and that during a several month period in 2009, Smith repeatedly asked Haynes to host fundraisers for his benefit. *Id.* ¶ 73.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the amended complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7* 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff's amended complaint "must be enough to raise a right to relief above the speculative level," *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007), and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly* 550 U.S. at 570). "In evaluating the sufficiency of the amended complaint, [Courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible

inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The Court liberally construes *pro se* amended complaints and holds them to a less stringent standard than pleadings drafted by lawyers. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).

## ANALYSIS

### I. RICO (Counts I & II)

Count I of Haynes's amended complaint asserts that Smith violated § 1962(a) of the RICO Act. R. 69 ¶¶ 72-76.

Previously the Court dismissed this cause of action for failure to adequately plead the elements of a § 1962(a) violation, namely: the receipt of income which was then used in the operation of a RICO enterprise, and which proximately caused Haynes's injury; and the commission of at least two predicate acts, constituting a "pattern" of racketeering activity. R. 59. Haynes's amended complaint contains additional factual allegations that Smith received income, and that Smith engaged in conduct that could be construed to constitute at least two predicate acts.[1] R. 69 ¶¶ 34-35, 73. However, even if all the new facts alleged by Haynes are true (which the Court assumes for the purposes of a motion to dismiss), Haynes's amended complaint still fails to sufficiently plead the requisite elements of a § 1962(a) violation for the reasons discussed below.

RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal

---

[1] *See supra* Background.

3

activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006); *see also Jennings v. Auto Meter Prods.*, Inc., 495 F.3d 466, 472 (7th Cir. 2007). "RICO has not federalized every state common-law cause of action available to remedy business deals gone sour." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992); *see also Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010); *Dremco, Inc. v. Diver*, 2013 WL 1873917, at *3 (N.D. Ill. May 3, 2013).

18 U.S.C § 1962(a) provides, in pertinent part, that:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Thus, to state a § 1962(a) claim, a plaintiff must adequately allege, among other things, the existence of an enterprise and a pattern of racketeering activity. *Vicom Inc. v. Harbridge Merchant Servs. Inc.*, 20 F.3d 771, 779 (7th Cir. 1994).

### A. The Enterprise

"A RICO complaint must identify the enterprise," *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995), defined as "a union or group of individuals associated in fact although not a legal entity," 18 U.S.C. § 1961(4). To make a showing of an enterprise, the association must have "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchial [sic] or consensual decision making." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 1990).

4

Haynes alleges that Smith used his 28th Ward office as an enterprise. R. 69 ¶ 73. He further alleges that "Smith worked for and controlled the enterprise." *Id*. Haynes, however, fails to identify a group of individuals within Smith's office that were "joined in purpose" with Smith. Haynes does not allege any type of organization within Smith's office, let alone one amenable to consensual decision-making. Rather, Haynes relies on the bald assertion that Smith's office was the enterprise without naming any person within Smith's office that participated in, or even knew about, Smith's alleged scheme. As such, Haynes's amended complaint fails to adequately allege the existence of an enterprise as required by § 1962(a).

**B.      Pattern of Racketeering Activity**

The Court's prior Order addressed the inadequacy of Plaintiff's original complaint in alleging a "pattern of racketeering activity," as required by § 1962(a). R. 59. While Haynes has included additional allegations in his amended complaint intended to bolster the "pattern of racketeering activity" requirement, Haynes ultimately still fails to adequately allege a "pattern of racketeering activity."

A "pattern" for the purposes of RICO requires at least two predicate acts of racketeering activity within a 10-year period. 18 U.S.C § 1961(5). In addition to the existence of the two predicate acts, to sufficiently allege a "pattern," a plaintiff must demonstrate that the predicate acts satisfy the "continuity plus relationship" test. *Jennings*, 495 F.3d at 473. The "continuity plus relationship" test requires: (1) that "the predicate acts [] be related to one another (the relationship prong)"; and (2)

that the acts "pose a threat of continued criminal activity (the continuity prong)". *Id.; see also Midwest Grinding*, 976 F.2d at 1022.

Continuity may be demonstrated by "a closed-ended conspiracy that existed for such an extended period of time that a threat of future harm is implicit or an open-ended conspiracy that, while short lived, shows clear signs of threatening to continue in the future." *Midwest Grinding*, 976 F.2d at 1023. In assessing the presence of closed-ended continuity, "[r]elevant factors include the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries." *Jennings*, 495 F.3d at 473 (quoting *Morgan v. Bank of Waukegan*, 804 F.2d 970, 776 (7th Cir. 1986) (internal quotation marks omitted)). The Seventh Circuit has repeatedly held that closed-ended continuity is not satisfied when the allegations are limited to a single scheme, victim, and injury. *Roger Whitmore's Auto. Servs. Inc. v. Lake County, Illinois*, 424 F.3d 659, 674 (7th Cir. 2005) ("[t]he fact that we are faced with a single, isolated scheme with a confined set of victims also supports the conclusion that Roger has not shown closed-ended continuity"); *Sutherland v. O'Malley* 882 F.2d 1196, 1204-05 (7th Cir. 1989) (single scheme, victim, and injury insufficient to prove closed continuity); *Jones v. Lampe,* 845 F.2d 755, 758 (7th Cir. 1988) (no pattern with a finding of one distinct injury); s*ee McDonald v. Schnecker,* 18 F.3d 491, 471 (7th Cir. 1994); *see J.D. Marshall Intern., Inc. v. Redstart, Inc.*, 935 F.2d 815, 821 (7th Cir. 1991).

Under these cases, Haynes clearly does not satisfy the continuity prong of the "continuity plus relationship" test. Haynes does not, and cannot, allege an open-ended period of continuity because Smith is no longer in office. As such, the "threat of repetition" has been eliminated. *Midwest Grinding*, 976 F.2d at 1023. Likewise, Haynes also fails to sufficiently allege a closed-ended period of continuity. First, Haynes is the only alleged victim. R. 69 ¶ 71. Second, there is only a single scheme alleged: Smith's soliciting and obtaining bribes from Haynes. *Id*. Finally, Haynes's loss of money from the failed project is the only injury claimed. Accordingly, Haynes's amended complaint fails to adequately allege close-ended continuity. *Luis v. Smith Partners & Assocs., Ltd.*, 2012 WL 5077726, at *3 (N.D. Ill. Oct. 18, 2012) (no pattern with one scheme, victim, and injury); *Glenwood Halsted LLC v. Vill. of Glenwood*, 866 F. Supp. 2d 942, 950 (N.D. Ill. 2012). Haynes's failure to allege facts satisfying the continuity prong of the "continuity plus relationship" test necessarily defeats the existence of a "pattern of racketeering activity."[2]

As Haynes has failed to sufficiently plead the existence of an "enterprise" and a "pattern of racketeering activity," both required elements of a § 1962(a) claim, Count I is dismissed.

**C.     RICO Conspiracy**

Haynes's § 1962(d) claim is only alleged against Defendant Levy. While Defendant Levy did not join in Defendant City and Smith's instant motion to dismiss, he did join in the prior motion to dismiss. Because Haynes's § 1962(d) claim

---

[2] Because Haynes has failed to satisfy the "continuity plus relationship" test, the Court need not consider whether the additional allegations discussed in the Background section, *supra,* satisfy the "relationship" prong of a pattern of racketeering activity.

7

has not been substantively amended, and, as just discussed, Count One still fails to adequately allege a violation of § 1962(a), Haynes's allegation of a conspiracy to commit a violation of § 1962(a) necessarily fails. Accordingly, Count II is dismissed for the same reasons cited in this Court's Order dated August 12, 2013. R. 59.

### III. Due Process (Count III)

Similarly, Haynes's Due Process claim has not been substantively amended. As such, Count III is dismissed for the same reasons cited in this Court's Order dated August 12, 2013. R. 59.

### IV. *Monell* Liability (Count VII)

These claims contain the exact same factual allegations as those in Haynes's original Complaint. Accordingly, they are dismissed for the same reasons cited by the Court in its August 12, 2013 Order. R. 59.

### V. State Law Claims (Counts IV, V, and VI)

As the Court has dismissed Haynes's federal causes of action, the Court again declines to exercise supplemental jurisdiction over Haynes's state law causes of action for the same reasons cited by the Court in its August 12, 2013 Order. R. 59.

## CONCLUSION

For the foregoing reasons, Defendants City and Smith's motion to dismiss, R. 74, is granted. Haynes's federal claims as to all Defendants are dismissed, and the Court declines to exercise supplemental jurisdiction over Haynes's remaining state law claims.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 22, 2014